**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-50516 |
| Plaintiff-Appellee, | D.C. No. 3:14-cr-01288-DMS-7 |
| v. | |
| CLEOTHA YOUNG, AKA Stinker, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Submitted January 12, 2017[**]
Pasadena, California

Before: TASHIMA, TALLMAN, and FRIEDLAND, Circuit Judges.

Cleotha Young appeals his conviction following a jury trial for conspiracy to

possess with intent to distribute 1,000 kilograms or more of marijuana under 21

U.S.C. §§ 841 and 846. After the jury found Young guilty of that offense, Young

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

filed a post-trial motion for judgment of acquittal under Federal Rule of Criminal Procedure 29 and argued that the government had not met its burden of proving, beyond a reasonable doubt, that the scope of Young's agreement with his coconspirators encompassed in excess of 1,000 kilograms of marijuana. The district court denied his motion. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Viewing the evidence in the light most favorable to the prosecution, *United States v. Navarrette-Aguilar*, 813 F.3d 785, 793 (9th Cir. 2015), it is clear that the jury had sufficient evidence by which it could find that 1,000 kilograms or more of marijuana "fell within the scope of [Young's] agreement with his coconspirators," *United States v. Banuelos*, 322 F.3d 700, 704 (9th Cir. 2003). The record sufficiently details the coconspirators' knowledge of the amount of marijuana being imported, and it is evident that Young was informed of all material issues relating to the operation. As such, we are satisfied that a rational trier of fact could have found that Young's agreement encompassed more than 1,000 kilograms of marijuana beyond a reasonable doubt. *See Navarrette-Aguilar*, 813 F.3d at 793.

**AFFIRMED.**